IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**DAVID MEYERS,**

    Petitioner,

v.                                                    CIVIL ACTION NO. **3:08CV10**

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM OPINION

On November 26, 2007, Petitioner, proceeding *pro se*, submitted a petition for a writ of habeas corpus to the Norfolk Division of the United States District Court for the Eastern District of Virginia, which was subsequently transferred to this division. In his habeas petition, Petitioner challenges this Court's Order, which was entered on November 13, 2008,[1] wherein the Court found Petitioner mentally incompetent to stand trial and committed him to the Federal Correctional Institution in Butner, North Carolina ("Butner") for psychiatric treatment and continued evaluation for four months pursuant to 18 U.S.C. § 4241(d)(1).

At the time Petitioner submitted his habeas petition, he was an involuntarily-committed psychiatric patient at Butner. Petitioner sought release based on his claim that he was not mentally ill. Petitioner alleged that he was being committed to Butner in retaliation for the writs of habeas corpus he had previously filed in unrelated state court cases and because he refused to sign a plea agreement in his criminal case in this Court. Although Petitioner filed his habeas

---

[1] This Order was entered in Petitioner's criminal case, *United States v. Meyers*, No. 3:07cr85 (E.D. Va. Nov. 13, 2007), after counsel for the defendant and the United States jointly moved for a psychiatric examination pursuant to 18 U.S.C. § 4241(d) to determine whether Petitioner was competent to stand trial.

petition on the forms for filing a 28 U.S.C. § 2254 petition, a petition under § 2254 is appropriate where a petitioner wishes to challenge a *state* court's final commitment order, not a *federal* court's commitment order. Accordingly, Petitioner's claim attacking his commitment order is properly brought under 28 U.S.C. § 2241. *United States v. Boigegrain*, 155 F.3d 1181, 1186 (10th Cir. 1998) (citing cases); *see also In re Copley*, No. 94-8016, 1994 WL 235335, at *1 (4th Cir. June 2, 1994) ("Because Copley is challenging his federal detention and it does not stem from a federal sentence, his action is characterized as a 28 U.S.C. § 2241 (1988) habeas corpus petition.").

To be eligible for habeas corpus relief under 28 U.S.C. § 2241, a federal detainee must first exhaust other available remedies. *See, e.g., Jones v. Perkins*, 245 U.S. 390, 391-92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). Petitioner did not exhaust his other available remedies prior to filing the instant petition. Specifically, Petitioner failed to appeal the decision on his involuntary commitment in Case No. 3:07cr85, to the United States Court of Appeals for the Fourth Circuit. *See United States v. Friedman*, 366 F.3d 975, 978-80 (9th Cir. 2004); *see also United States v. Boigegrain*, 122 F.3d 1345, 1349 (10th Cir. 1997) (analogizing a § 4241(d) commitment order to an order denying bail and requiring pretrial detention, and finding jurisdiction exists under collateral order doctrine); *United States v. Weissberger*, 951 F.2d 392, 395-97 (D.C. Cir. 1991) (same); *United States v. Gold*, 790 F.2d 235, 238-239 (2d Cir. 1986) (same). Moreover, at the time he filed his petition, Petitioner was being held at the Butner facility in North Carolina. Thus, this Court did not have custody over him and the proper recourse would have been to file a § 2241 action in the district

where his custodian was located, *i.e.*, in the district court in North Carolina, and to name the warden of the facility where he was confined as the respondent.[2] *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

In light of the foregoing, Petitioner's motion to proceed *in forma pauperis* will be DENIED, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 will be DENIED, and the action will be DISMISSED WITHOUT PREJUDICE.

The Clerk of the Court is DIRECTED to send a copy of this Memorandum Order to Petitioner, counsel for the United States and counsel for Petitioner in Criminal No. 3:07cr85.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
James R. Spencer
**Chief United States District Judge**

Date: 9-11-08
Richmond, Virginia

---

[2] The Court notes that at this time Petitioner is no longer being held at Butner, as the Court's four-month commitment order under § 4241(d)(1) has expired, and he is currently in federal pretrial custody in a local facility pending resolution of his criminal action. Therefore, it would not be appropriate to transfer this action to the district court in the Eastern District of North Carolina. *Cf. Patterson v. United States*, No. 89-6169, 1990 WL 155676, at *1 (6th Cir. Oct. 17, 1990) (holding that petitioner who sought to challenge fact of confinement at Butner but was "no longer being held pursuant to the district court's orders requiring him to undergo a competency evaluation" could not "attack his prior confinement in Butner . . . because he [was] not "in custody" pursuant to the conviction which resulted in that confinement" (citations omitted)).

3